# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION

| | |
|---|---|
| EDWIN ANDERSON and GENA STALLINGS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 1:23-cv-1046 ) |
| ACUITY, A MUTUAL INSURANCE COMPANY, and ANTHONY FIRRILIO, P.E., | ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendant, Acuity, A Mutual Insurance Company ("Acuity"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441, 1446(b)(3), and 1332, hereby gives notice that it is removing a civil action from the Chancery Court of Weakley County, Tennessee to the United States District Court for the Western District of Tennessee, Eastern Division.

## PROCEDURAL MATTERS

1. On or about February 17, 2023, the Plaintiffs filed a civil action in the Chancery Court for Weakley County, Tennessee against Acuity and Anthony Firriolo, P.E. ("Mr. Firriolo") styled *Edwin Anderson and Gena Stallings v. Acuity et al.*, Case No. 25550.

2. The complaint names Acuity as a Defendant. Additionally, Plaintiffs named Mr. Firriolo as a Defendant.

3. Acuity was served through the Commissioner of Insurance on February 24, 2023. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that this Notice of Removal is being filed within 30 days after the first receipt by a Defendant, through

service, of the complaint. As stated above, Acuity was served on February 24, 2023. This Notice is being filed on March 27, 2023. The 30th day occurs on March 26, 2023, which was a Sunday. By virtue of the final day falling on a Sunday, the deadline for filing this Notice of Removal shifts to March 27, 2023. See Fed. R. Civ. P. 6(a)(1)(C) ("[I]nclude the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). To Acuity's knowledge, Mr. Firriolo has not been served with process.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the removing Defendant are attached as **Exhibit 1**.

## DIVERSITY JURISDICTION

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all Plaintiffs and the real party Defendant to this action.

6. The complaint alleges that the Plaintiffs are citizens and residents of Weakley County, Tennessee.

7. For the purposes of diversity jurisdiction, Acuity is a citizen of Wisconsin where it has its principal place of business.

8. The amount in controversy clearly exceeds $75,000, exclusive of costs and interest, as the Plaintiffs seek $13 million according to their Complaint. See 28 U.S.C. § 1332(a). Thus, by the plain terms of the complaint, the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

9. Although the Plaintiffs also name as a Defendant Mr. Firriolo, who the Plaintiffs allege is a citizen and resident of Williamson County, Tennessee, his inclusion

does not defeat diversity jurisdiction because Mr. Firriolo has been fraudulently jointed by the Plaintiffs in an attempt to defeat diversity jurisdiction of this Court.

10. It is well-established that removal cannot be defeated by a plaintiff's improper or fraudulent joinder of a party. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Sell v. Volkswagen of Am., Inc., 505 F.2d 953, 955 (6th Cir. 1974) (affirming trial court's denial of motion to remand and upholding diversity jurisdiction where a named defendant was joined "as a procedural tactic to destroy diversity of citizenship"); Coyne ex rel. Ohio v. Am. Tobacco Co., 183 F.3d 488 (6th Cir. 1999) (finding sufficient evidence for the district court to conclude that plaintiffs could not have established a cause of action against the non-diverse defendants under state law, thereby permitting removal).

11. To establish fraudulent joinder, Acuity must demonstrate that "a plaintiff could not have established a cause of action against [the] non-diverse defendant[]"—in this case, Mr. Firriolo. Evans v. Arise Inc., No. 08-CV-1177, 2008 WL 5429835, at *3 (W.D. Tenn. Dec. 30, 2008).

12. Mr. Firriolo is not an employee of Acuity; rather, he is a professional engineer who was hired on a contractual basis to assist Acuity in its handling of this claim.

12. All claims against Mr. Firriolo hinge on a single, core premise: alleged violations of the Fraudulent Insurance Act, Tenn. Code Ann. § 56-53-103(a)(1) ("the act"). (See Compl. at § 18.)

13. However, case law has shown that the act does not apply engineers such as Mr. Firriolo. The act provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

> **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>> **(A)** The application for, rating of, or renewal of, any insurance policy;
>> **(B)** A claim for payment or benefit pursuant to any insurance policy;
>> **(C)** Payments made in accordance with the terms of any insurance policy; or
>> **(D)** The application for the financing of any insurance premium;
>
> **(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>> **(A)** The solicitation for sale of any insurance policy or purported insurance policy;
>> **(B)** An application for certificate of authority;
>> **(C)** The financial condition of any insurer; or
>> **(D)** The acquisition, formation, merger, affiliation or dissolution of any insurer; or
>
> **(3)** Solicits or accepts new or renewal insurance risks by or for an insurer that the person knows was insolvent or the insolvency of which the person recklessly disregards.

The act does not apply to engineers hired by insurance companies; it applies to insureds themselves, which Mr. Firriolo is not, and nor are there any allegations that Mr. Firriolo is an insured of Acuity or a representative of any insured. The act applies to insureds knowingly making false representations to insurers, which has not been alleged here. See

Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an insured person to 'present[]. . . to an insurer . . . any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'"). (Emphasis added.) See also, Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276, 2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or §56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); Monumental Life Ins. Co. v. Puckett, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021).

14. Because the alleged cause of action against Mr. Firriolo is regarding an inapplicable statute, the Plaintiffs complaint against Mr. Firriolo must fail in its entirety. See Fed. R. Civ. P. 12(b)(6). Essentially, the Plaintiffs' complaint could not survive a Rule 12 motion to dismiss for failure to state a claim filed and argued by Mr. Firriolo. Without

this allegation filed by the Plaintiffs against Mr. Firriolo, complete diversity would exist. It is clear that Plaintiffs named Mr. Firriolo solely to defeat diversity jurisdiction.

15. As Mr. Firriolo has been fraudulently joined, diversity jurisdiction obtains. See, e.g., Coyne, 183 F.3d at 493 (concluding that Plaintiff's failure to "plead viable state law causes of action against the local defendants" supported district court's denial of Plaintiff's motion to remand on the basis of fraudulent joinder); Garner v. SDH Servs. E., LLC, 55 F.Supp.3d 1016, 1027 (M.D. Tenn. 2014) (finding removing Defendants properly removed case, notwithstanding lack of complete diversity at the time of removal, due to Plaintiff's fraudulent joinder of another Defendant); Davis v. Franklin Am. Mortg. Co., No. 3:16-cv-02819, 2017 WL 3172743 at *5 (M.D. Tenn. July 26, 2017) ("The remedy for fraudulent joinder is dismissal of the claims against the non-diverse defendant."); Hagen v. U-Haul Co. of Tenn., 613 F.Supp.2d 986, 994 (W.D. Tenn. 2009) (because Plaintiffs do not allege facts that would either directly or inferentially establish the material element of duty, they have not presented a claim for negligence against Defendants and cannot prove a cause of action against non-diverse defendants under Tennessee law).

16. Consent to removal by Mr. Firriolo is not required as consent is not required from an improperly joined Defendant. See Chamber v. HSBC Bank USA, N.A., 796 F.3d 560, 564 (6th Cir. 2015) ("By its terms, however, § 1446(b)(2) only requires the consent of *properly* joined defendants; the consent of a defendant that has been *fraudulently* joined is not necessary.") (emphasis in original; internal citations omitted). Additionally, Mr. Firriolo has not been served with the complaint. See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have

been properly <u>joined</u> and <u>served</u> must join in or consent to the removal of the action."). (Emphasis added.)

17. Therefore, this Court has diversity jurisdiction over this action.

**WHEREFORE**, Acuity respectfully removes this action from the Chancery Court of Weakley County, Tennessee to this Court for all further proceedings.

Dated: March 27, 2023.

Respectfully submitted,

<u>s/ Cory R. Miller</u>
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**CORY R. MILLER**
Registration No. 34770
DIRECT:  (615) 630-7745
(615) 256-8787, Ext. 145
cmiller@bkblaw.com
*Attorneys for Defendant, Acuity, A Mutual Insurance Company*

**BREWER KRAUSE BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228-1209

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of March, 2023, a true and correct copy of the foregoing has been sent, via first-class mail, postage prepaid to:

Drayton Berkley, Esquire
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119

Anthony Firriolo, P.E.
EFI Global, Inc.
4922 Port Royal Road, Unit B-3
Spring Hill, TN 37174

                                        *s/ Cory R. Miller*
                                        **CORY R. MILLER**