IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| EDWIN ANDERSON and<br>GENA STALLINGS,<br><br>    Plaintiffs,<br><br>vs.<br><br>ACUITY, A MUTUAL INSURANCE<br>COMPANY, and ANTHONY FIRRILIO, P.E.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 1:23-cv-1046<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT ITS MOTION FOR PARTIAL DISMISSAL**

Comes now Defendant, Acuity, A Mutual Insurance Company ("Acuity"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and for its memorandum of law in support of its motion for partial dismissal of the Plaintiffs' complaint would state as follows:

**FACTUAL SUMMARY**

This is an insurance action. On or about February 17, 2023, the Plaintiffs filed a civil action in the Chancery Court for Weakley County, Tennessee against Acuity and Anthony Firriolo, P.E. ("Mr. Firriolo") styled *Edwin Anderson and Gena Stallings v. Acuity et al.*, Case No. 25550. (Doc. 1-1.) Acuity was served through the Commissioner of Insurance on February 24, 2023. (Id.) Acuity timely removed this action from the Chancery Court for Weakley County, Tennessee to the United States District Court for the Middle District of Tennessee on March 27, 2023, on the basis of diversity jurisdiction. (Doc. 1.) Acuity also asserted before this Court that Mr. Firriolo had been fraudulently

joined as a Defendant for the sole purpose of attempting to defeat diversity jurisdiction. (Id.)

Plaintiffs have sued Acuity for various causes of action, including: 1) compel appraisal and appoint umpire; 2) umpire qualifications; 3) breach of contract; 4) punitive damages; and 5) violations of the Fraudulent Insurance Act[1] (Tenn. Code Ann. § 56-53-103). (See generally, doc. 1-1.) The allegations of Plaintiffs against Acuity regarding the Unlawful Insurance Act ("the act") are pleaded in the Plaintiffs' complaint as follows:

> 18.    Defendants Staff Adjuster, [Joe] Morrow [("Mr. Morrow")], made false statement and material misrepresentation of facts and policy coverage terms violation [the act] in his October 26, 2022 [correspondence] to an insured and a claims profession/practitioner by stating, "Acuity continues to acknowledge receipt of a demand for appraisal of the amount of loss to the insured premises dated August 9, 2022 by Dr. Gwin Anderson. As previously advised, Acuity must decline to participate in the Appraisal process until all coverage issues are investigated and resolved, and compliance with the Policy condition requiring an Examination Under Oath is achieved[]", and to "determine if appraisal is appropriate." [Joe] Morrow knew at all times that there were not coverage issues and that an EUO was not a prerequisite to [Acuity's] mandatory participation in the appraisal process after Plaintiffs (sic) proper demand on August 9, 2022. [Joe] Morrow's action constitute a violation of [the act] found at § 56-53-103(a)(1) and has wrongfully delated an[d] denied the payment of benefits to the Plaintiff[s].

(Doc. 1-1, at ¶ 18.)

These facts, as alleged by Plaintiffs, do not constitute violations of the Act because the portion of the Act cited by Plaintiffs does not apply to insurers; rather, it applies to insureds.

---

[1] The "Fraudulent Insurance Act" is actually known as the "Unlawful Insurance Act". See Tenn. Code Ann. § 56-53-103.

**Law & Argument**

A Defendant may move to dismiss all or part of a lawsuit if the facts alleged in the lawsuit fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief <u>requires more than</u> labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc., 683 F.3d 239, 246–47 (6th Cir. 2012)) (emphasis added).

To survive a Rule 12(b)(6) motion, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (2009) (citation omitted); see also Resnick v. AvMed, Inc., 693 F.3d 1317, 1324–25 (11th Cir. 2012). Thus, a claim will survive a motion to dismiss only if the

factual allegations in the pleaded are "enough to raise a right to relief above the speculative level …." Twombly, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the pleader, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not accept as true the pleader's legal conclusions, including those couched as factual allegations. See Iqbal, 556 U.S. at 678.

Here, for the purposes of this motion only, Acuity only seeks dismissal of the Plaintiffs' claims with respect to alleged violations of the act because the facts as pleaded do not amount to any violations of the act by Acuity. The Act has two distinct sections with very different verbiage in each. The first section cited by the Plaintiffs provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>> **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>>
>>> **(A)** The application for, rating of, or renewal of, any insurance policy;
>>>
>>> **(B)** A claim for payment or benefit pursuant to any insurance policy;
>>>
>>> **(C)** Payments made in accordance with the terms of any insurance policy; or

> **(D)** The application for the financing of any insurance premium;

Tenn. Code Ann. § 56-53-103(a)(1). This portion of the Act cited above does not apply because this applies to insureds, not insurers. This portion of the Act makes it unlawful for any person who "presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company … any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact … concerning" and insurance application, claim for benefits, payments made under a policy of insurance, or financing an insurance premium. First, this portion of the Act clearly only applies to persons presenting information by or on behalf of an insured or claimant. Neither Mr. Morrow, nor Mr. Firriolo, are presenting any information by an insured or on behalf of an insured. This portion of the Act would most likely apply to a public adjuster representing a Plaintiff in a claim for insurance benefits. Case law in Tennessee clearly supports the conclusion that the Act would not apply to these facts as pleaded even after the Court must assume the facts to be true at this stage of pleading. See Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an insured person to 'present[]. . . to an insurer . . . any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'"). (Emphasis added.) See also, Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276,

2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or §56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); Monumental Life Ins. Co. v. Puckett, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021); UnitedHealthCare Servs. v. Team Health Holdings, Inc., No. 3:21-CV-00364-DCLC-JEM, 2022 U.S. Dist. LEXIS 84264, at *22 (E.D. Tenn. May 10, 2022).

This portion of the Act cannot apply to Acuity because it is the insured submitting allegedly false information for the purposes of receiving insurance benefits under a claim on a policy of insurance. Furthermore, this portion of the Act cannot apply to Acuity because it is not a person submitting allegedly false information on behalf of an insured for the purposes of receiving insurance benefits under a claim on a policy of insurance. This portion of the Act is clearly inapplicable, and the Plaintiffs' claims for Acuity's alleged violations of the Act must fail.

The second pertinent part of the Act provides as follows:

**(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

> **(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>> **(A)** The solicitation for sale of any insurance policy or purported insurance policy;
>>
>> **(B)** An application for certificate of authority;
>>
>> **(C)** The financial condition of any insurer; or
>>
>> **(D)** The acquisition, formation, merger, affiliation or dissolution of any insurer;

Tenn. Code Ann. § 56-53-103(a)(2). This portion of the act is clearly inapplicable because, while it does apply to "an insurer, insurance professional[,] or a premium finance company …", it only applies to the sale of an insurance policy or the solicitation for sale of an insurance policy; an application for certificate of authority; the financial condition of any insurer; or the acquisition, formation, merger, affiliation or dissolution of any insurer. See Tenn. Code Ann. § 56-53-103(a)(2). The Plaintiffs' complaint is devoid of any facts that would fall under any one of these four factual scenarios that could permit the Plaintiffs to pursue an allegation of the act under the particular verbiage of the act. The Plaintiffs' complaint has absolutely nothing to do with the sale of an insurance policy, which is what this portion of the act typically applies to. <u>Green v. Mut. of Omaha Ins. Co.</u>, No. 10-2487, 2011 U.S. Dist. LEXIS 3538, at *29 (W.D. Tenn. Jan. 13, 2011) ("Under Tennessee law, an insurer that '[p]resents, causes to be presented, or prepares with knowledge or belief that it will be presented' in a solicitation for sale of an insurance policy 'any information

that the [insurer] knows to contain false representations, or representations the falsity of which the [insurer] has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact' has committed an unlawful insurance act.") Considering the Plaintiffs' complaint does not involve any alleged misrepresentations that induced a person or persons to purchase an insurance policy, this portion of the Act is clearly inapplicable, and the Plaintiffs' claims for Acuity's alleged violations of the Act must fail.

Considering the Plaintiffs' claims against Acuity for alleged violations of the Act do not fall under any portion of the Act, all Plaintiffs' allegations regarding alleged violations of the Act must be dismissed, with prejudice, as to Acuity.

## **CONCLUSION**

Based on reasons stated herein and in Acuity's motion for partial dismissal, Plaintiffs' claims as to the alleged violation of the Unlawful Insurance Act (Tenn. Code Ann. § 56-53-103) should be dismissed as to Acuity, with prejudice. Plaintiffs' factual allegations, even if true, fail to fall under the Unlawful Insurance Act (Tenn. Code Ann. § 56-53-103). Accordingly, Acuity seeks dismissal of Count V of Plaintiffs' complaint.

Respectfully submitted,

*s/ Cory R. Miller*_____
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**CORY R. MILLER**
Registration No. 34770
DIRECT:  (615) 630-7745
(615) 256-8787, Ext. 145
cmiller@bkblaw.com
*Attorneys for Defendant, Acuity, A Mutual Insurance Company*

**BREWER KRAUSE BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228-1209

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2023, a true and correct copy of the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT ITS MOTION FOR PARTIAL DISMISSAL was filed electronically.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U. S. Mail.  Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esquire
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119

Anthony Firriolo, P.E.
EFI Global, Inc.
4922 Port Royal Road, Unit B-3
Spring Hill, TN 37174

*s/ Cory R. Miller*_____
**CORY R. MILLER**