**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **EDWIN ANDERSON and** | ) |
| **GENA STALLINGS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) **No. 1:23-cv-1046** |
| | ) |
| **ACUITY, A MUTUAL INSURANCE** | ) |
| **COMPANY, and ANTHONY FIRRILIO, P.E.,** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER

Comes now Defendant, Acuity, A Mutual Insurance Company ("Acuity"), by and through its undersigned counsel, and for its answer to Plaintiffs' complaint would state as follows:

1.    Denied.

2.    Acuity admits that its principal place of business is located at 2800 South Taylor Drive, Sheboygan, Wisconsin 53082-0058; that it is an insurance company formed under the laws of the State of Wisconsin; and that it may be served with process through the Tennessee Commissioner of Insurance. Acuity denies that it is a Tennessee corporation, and Acuity denies that it is responsible for the actions of Anthony Firriolo via operation of the doctrines of "*responde[a]nt [sic] superior*, actual or apparent agency, employer-employee, or master-servant."

3.    Acuity admits that Anthony Firriolo is an adult resident citizen of Tennessee. Acuity denies that his business address is 1880 General George Patton Drive, Suite B-203, Franklin, Tennessee 37067.

4.      Denied that "Defendants issued policy no. ZA3401-9 to Plaintiffs …." Acuity would aver that it issued policy no. ZA3401 ("the policy") to William J. Anderson, who is not a Plaintiff in the above-styled action. Acuity admits the policy covers property located at 213 E. Nelson Street, Dresden, Tennessee 38225, in accordance with the policy's agreements, exclusions, terms, limits, and conditions. Acuity admits the policy was effective as of December 10, 2021, and that it was assigned claim no. RK0796. Acuity admits a true and correct copy of the policy was attached to the complaint as Exhibit "A".

5.      Acuity admits the estimates are different. Acuity denies all other averments of this paragraph of the complaint.

6.      Acuity admits Plaintiffs demanded appraisal on or about August 9, 2022. However, Acuity denies this matter is ripe for the appraisal process at this time, and Acuity avers that it has a right to investigate every claim submitted to it.

**COUNT I COMPEL APPRAISAL AND APPOINT UMPIRE**

7.      Admitted. However, Acuity denies this matter is ripe for the appraisal process at this time, and Acuity avers that it has a right to investigate every claim submitted to it.

8.      Admitted. However, Acuity denies this matter is ripe for the appraisal process at this time, and Acuity avers that it has a right to investigate every claim submitted to it.

9.      Denied. However, Acuity denies this matter is ripe for the appraisal process at this time, and Acuity avers that it has a right to investigate every claim submitted to it.

## COUNT II UMPIRE QUALIFICATIONS

10. There are no factual allegations made in this paragraph of the complaint. To the extent that a response is required, denied.

11. There are no factual allegations made in this paragraph of the complaint. To the extent that a response is required, denied.

12. Denied. However, Acuity denies this matter is ripe for the appraisal process at this time, and Acuity avers that it has a right to investigate every claim submitted to it.

## COUNT III BREACH OF CONTRACT

13. Acuity incorporates the foregoing admissions and denials as if fully stated herein.

14. Denied.

## COUNT IV PUNITIVE DAMAGES

15. Acuity incorporates the foregoing admissions and denials as if fully stated herein.

16. Denied.

## COUNT V FRAUDULENT INSURANCE ACT

17. Acuity incorporates the foregoing admissions and denials as if fully stated herein.

18. Denied.

19. Denied.

20. Denied.

21. Acuity now denies each and every other allegation of Plaintiffs' complaint not heretofore specifically admitted or denied.

22.     Acuity now denies that Plaintiffs are entitled to the relief sought in the "**WHEREFORE"** paragraph of the complaint.

<u>**AFFIRMITIVE DEFENSES**</u>

1.     The Acuity policy provided coverage only in accordance with policy terms, conditions, definitions and subject to the insuring agreement, exclusions and limitations contained in the policy.

The Acuity policy was not issued to the Plaintiffs; rather, it was issued to William J. Anderson. The Acuity policy contained an insuring agreement, as follows:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

*****

**A.     COVERAGE**

We will pay for direct physical loss of or damage to Covered Property as the premises described in the Declaration caused by or resulting from any Covered Cause of Loss.

**1.     Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, A1, and limited in A2, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a.     Building**, meaning the building or structure described in the Declarations

*****

**3.     Covered Causes of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

The policy only covered direct physical loss if caused by a "covered cause of loss," which was defined as follows:

## CAUSES OF LOSS – SPECIAL FORM

Words and phrases that appear in italics have special meaning. Refer to Section G, Definitions.

**A.      COVERED CAUSES OF LOSS**

When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

**1.**      Excluded in Section B, Exclusions; or

**2.**      Limited in Section C, Limitations;

that follow.

The property must sustain damage caused by a "Covered Cause of Loss." However, even

if there is a Covered Cause of Loss, exclusions may apply, including the following:

**B.      EXCLUSIONS**

**1.**      We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**a.      Ordinance or Law**

The enforcement or any ordinance or law:

(1)      Regulating the construction, use or repair of any property; or

(2)      Requiring the tearing down of any property, including the cost of removing its debris.

This exclusion, Ordinance or Law, applies whether the loss results from:

(1)      An ordinance or law that is enforced even if the property has not been damaged; or

(2)      The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of

property, or removal of its debris, following a physical loss to that property.

*****

2.  We will not pay for loss or damage caused by or resulting from any of the following:

    d.  (1)  Wear and tear;

        (2)  Rust, or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

        *****

        (4)  Settling, cracking, shrinking or expansion;

        *****

        But if an excluded cause of loss that is listed in 2d (1) through (7) results in a *specified cause of loss* or building glass breakage, we will pay for the loss or damage caused by that *specified cause of loss* or building glass breakage.

        *****

    f.  Continuous or repeated seepage or leakage of water or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

        *****

    m.  Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

        *****

3.  We will not pay for loss or damage caused by or resulting from any of the following, 3a through 3c. But if an excluded cause of loss that is listed in 3a through 3c results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    *****

    c.  Faulty, inadequate or defective:

(1) Planning, zoning, development, surveying, sitting;

(2) Design, specifications, workmanship, repair, construction, renovations, remodeling, grading, compaction;

(3) Materials used in repair, construction, renovation or remodeling; or

(4) Maintenance;

of part or all of any property on or off the described premises.

2. The Policy issued to William J. Anderson includes conditions that affect coverage under the Policy. The Policy included the following condition:

**COMMON POLICY CONDITIONS**

All Coverage Parts included in this policy are subject to the following conditions.

\*\*\*\*\*

**F.     TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative, but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Under the policy, the rights and duties available to an insured will be transferred to the insured's legal representative upon the death of the insured, but those rights and duties are only available while the insured's legal representative is acting within the scope of duties as the insured's legal representative. Testimony given by Edwin Gwin Anderson

provides the Estate of William J. Anderson closed in November 2021 and the rights and

duties available under the Policy terminated at the closing of the estate.

3.      Plaintiffs have materially breached policy conditions as expressly set forth

in the policy. The policy provided the following conditions:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

**\*\*\***

**3.      Duties In The Event Of Loss Or Damage**

**a.**      You must see that the following are done in the event of loss or damage to Covered Property.

(1)      Notify the police if a law may have been broken.

(2)      Give us prompt notice of the loss or damage. Include a description of the property involved.

(3)      As soon as possible, give us a detailed description of how, when and where the loss or damage occurred.

(4)      Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses reasonably incurred to protect the Covered Property. We will consider these expenses in the settlement of a claim, but this will not increase the applicable Limit of Insurance. However, we will not consider any expenses incurred in order to protect the Covered Property from a cause of loss that is not a Covered Causes of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5)      At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6)      As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7)      Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do

this within 60 days after our request. We will supply you with the necessary forms.

       (8)     Cooperate with us in the investigation or settlement of the claim.

   **b.**     We may examine any insured under oath, while not in the presence of any other insured and at such times as may reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

On September 22, 2022, counsel for Acuity sent to Mr. William J. Anderson, the named insured, a letter advising him of Acuity's decision to take an examination under oath ("EUO") relating to this claim, which was Acuity's right. Acuity also requested several documents to be produced. The EUO was scheduled to be done on several dates; however, it was rescheduled several times. The EUO was done on December 16, 2022. Since the EUO, the errata sheet to the EUO has not been signed and returned. Additionally, the insured has not produced all of the documents that Acuity has requested. This failure to comply with Acuity's reasonable requests for documentation is in material breach of the policy's loss conditions.

4.     The policy provides coverage only in accordance with policy terms, definitions, conditions, and subject to the insuring agreement, exclusions and limitations contained in the policy.

5.     Acuity reserves the right to rely upon any and all other provisions, conditions, exclusions, and limitations of the policy.

6.     Plaintiffs' complaint fails to state a claim upon which relief may be granted, and as such, the same should be dismissed.

7.     Acuity reserves the right to amend this answer based upon further investigation and pre-trial discovery.

8.     Acuity expressly reserves its right to raise any additional affirmative defenses which may be applicable in this matter and to amend its answer accordingly.

**WHEREFORE**, Defendant, Acuity, A Mutual Casualty Insurance Company, prays as follows:

1.     Plaintiffs should take nothing by reason of their complaint.

2.     Plaintiffs' complaint should be dismissed in its entirety, with prejudice.

3.     Acuity should be awarded its reasonable costs and attorney's fees.

4.     Acuity should be awarded such other and further relief as the court deems just and proper.

Respectfully submitted,

*s/ Cory R. Miller*_____
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**CORY R. MILLER**
Registration No. 34770
DIRECT:  (615) 630-7745
(615) 256-8787, Ext. 145
cmiller@bkblaw.com
*Attorneys for Defendant, Acuity, A Mutual Insurance Company*

**BREWER KRAUSE BROOKS & CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228-1209

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2023, a true and correct copy of the foregoing ANSWER was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esquire
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119

Anthony Firriolo, P.E.
EFI Global, Inc.
4922 Port Royal Road, Unit B-3
Spring Hill, TN 37174

*s/ Cory R. Miller*
**CORY R. MILLER**