IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EDWIN ANDERSON and
GENA STALLINGS,

    Plaintiffs,

v.                                                      No. 1:23-cv-01046-JDB-jay

ACUITY, A MUTUAL INSURANCE
COMPANY, and ANTHONY FIRRIOLO, P.E.,

    Defendants.

_____

ORDER GRANTING DEFENDANT ACUITY'S MOTION TO DISMISS COUNT V OF THE
COMPLAINT
AND
DIRECTING PLAINTIFFS AND THEIR COUNSEL TO SHOW CAUSE
_____

*INTRODUCTION*

This matter was initially brought in the Chancery Court of Weakley County, Tennessee, by the Plaintiffs, Edwin Anderson and Gena Stallings, against Acuity, A Mutual Insurance Company ("Acuity"), and Anthony Firriolo, P.E., alleging breach of contract and violation of Tennessee Code Annotated § 56-53-103(a)(1), and seeking an order compelling an appraisal, appointing an umpire, and awarding punitive damages. (Docket Entry ("D.E.") 1-1.) The matter was removed to this Court on March 27, 2023, on diversity grounds. (D.E. 1.) In an order entered September 19, 2023, Firriolo was dismissed as a defendant. (D.E. 24.) Pending on the Court's docket is Acuity's motion to dismiss Count V of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.E. 7), to which Plaintiffs have responded (D.E. 14), and the movant has replied (D.E. 17, 19).

1

*STANDARD OF REVIEW*

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The question before the Court on a motion to dismiss is not whether the plaintiff will ultimately prevail, *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011), but whether the well-pleaded facts "permit the court to infer more than the mere possibility of misconduct," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In resolving a Rule 12(b)(6) motion, a court is to "view the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and look to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ammex, Inc. v. McDowell*, 24 F.4th 1072, 1079 (6th Cir. 2022) (internal quotation marks omitted) (quoting *Ashcroft*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). Factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint should only be dismissed if it is clear to the court that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Herhold v. Green Tree Servicing, LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)) (internal quotation marks omitted).

*FACTS ALLEGED*

According to the complaint, Plaintiffs are the named insureds on an insurance policy issued by Acuity covering property located at 213 East Nelson Street in Dresden, Tennessee. A loss occurred on December 10, 2021, from which this action arose. In Count V, Plaintiffs allege the following against Acuity:

>Defendant[']s staff adjuster, Joseph Morrow,[1] made false statements and material misrepresentation of facts and policy coverage terms violating the Fraudulent Insurance Act in his October 26, 2022 to an insured and a claims professional/practitioner by stating, "*Acuity continues to acknowledge receipt of a demand for appraisal of the amount of loss to the insured premises dated August 9, 2022 by Dr. Gwin Anderson. As previously advised, Acuity must decline to participate in the Appraisal process until all coverage issues are investigated and resolved, and compliance with the Policy condition requiring an Examination Under Oath is achieved.",* and to *"determine if appraisal is appropriate."* Morrow knew at all times that there were no coverage issues and that an EUO was not a prerequisite to Defendant[']s mandatory participation in the appraisal process after Plaintiffs['] proper demand on August 9, 2022. Morrow's actions constitute a violation of the Fraudulent Insurance Act found at §56-53-103(a)(1) and has wrongfully delayed an[d] denied the payment of benefits to Plaintiff. A copy of this letter is incorporated herein by reference as Exhibit "Bl".

(D.E. 1-1 ¶ 18.)

*ARGUMENTS OF THE PARTIES AND ANALYSIS*

Acuity argues that § 56-53-103(a)(1) (correctly entitled the "Unlawful Insurance Act") applies only to insureds, not insurers. In response, Plaintiffs, represented by Attorney Drayton Berkley, quote the statute thusly:

>Tenn. Code Ann. § 56-53-103 provides in relevant part that:
>
>Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to ………… an insurance professional ……..in connection with an insurance transaction ……. any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>   …..
>
>      i. ……..

---

[1]Morrow is not a party to this action.

3

>>ii. A claim for payment or benefit pursuant to any insurance policy;
>
>>iii. Payments made in accordance with the terms of any insurance policy; or
>
>………
>
>2. It shall be unlawful for any person to commit, or to attempt to commit, or aid, assist, abet or solicit another to commit, or to conspire to commit an unlawful insurance act.
>
>Tenn. Code Ann. § 56-53-101 provides in relevant part that:
>
>4."Insurance professional" means ………..adjusters……………………
>
>5. "Insurance transaction" means a transaction by, between or among:
>
>>a. An insurer or a person who acts on behalf of an insurer; and
>
>>b. An insured, claimant, applicant for insurance, public adjuster, insurance professional, practitioner, or any person who acts on behalf of an insured, claimant, applicant for insurance, public adjuster, insurance professional, or practitioner; for the purpose ………. negotiating or adjusting a claim……
>
>8. "Person" means a natural person, company, corporation, unincorporated association, partnership, professional corporation, agency of government and any other entity.

(D.E. 14-1 at PageID 155-57.) Counsel's recitation of § 56-53-103, however, omits those portions thereof that prove Acuity's position correct. To illustrate, the following constitutes the full text of § 56-53-103(a)(1), with those portions omitted by Attorney Berkley in boldface:

>(a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>>(1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, **by or on behalf of an insured, claimant or applicant to** an **insurer**, insurance professional **or a premium finance company** in connection with an insurance transaction **or premium finance transaction**, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any

4

> material fact, or that withholds or conceals a material fact, concerning any of the following:
>
> **(A) The application for, rating of, or renewal of, any insurance policy;**
>
> (B) A claim for payment or benefit pursuant to any insurance policy;
>
> (C) Payments made in accordance with the terms of any insurance policy; or
>
> **(D) The application for the financing of any insurance premium;**

Tenn. Code Ann. § 56-53-103(a)(1) (emphasis added).

The same altered recitation of the statute has been proffered by Attorney Berkley in similar cases in this division--*Olympic Steakhouse v. Western World Insurance Group*, Case No. 1:23-cv-02191-JDB-jay (W.D. Tenn.); *Anderson Eye Care of West Tennessee v. Auto-Owners Insurance Co.*, Case No. 1:23-cv-01092-STA-jay; *Plunk v. Shelter Mutual Insurance Co.*, Case No. 1:23-cv-01058-JDB-jay, *Anderson v. State Automobile Mutual Insurance Co.*, Case No. 1:23-cv-01047-JDB-jay (W.D. Tenn.).  In *Anderson Eye Care*, Judge S. Thomas Anderson conducted a show cause hearing on September 22, 2023, on the issue of whether Attorney Berkley and his client should be sanctioned for presenting altered statutory language to the court in an attempt to misrepresent its meaning as applied to an insurer defendant.  In an order entered October 10, 2023, Judge Anderson noted that, during the hearing, "Plaintiff's counsel conceded that § 56-53-103(a)(1) does not create a cause of action against insurers or their agents; instead, it expressly applies to insureds and insured's agents or their authorized representatives." (Case No. 1:23-cv-01092-STA-jay, D.E. 24 at PageID 364.)  Based on that concession, Judge Anderson granted the motion of the insurer to dismiss plaintiff's § 56-53-103(a)(1) claims on the grounds that the statute has no application to an insurer.  (*Id.*, D.E. 23.)  Similarly, in light of Attorney Berkley's admission

before Judge Anderson, the instant motion is hereby GRANTED and Count V of the complaint is DISMISSED.

## *ORDER TO SHOW CAUSE*

Tennessee Rule of Professional Conduct 3.3(a), as adopted by this Court, provides that "[a] lawyer shall not knowingly:  (1) make a false statement of fact or law to a tribunal. . . ." Tenn. Sup. Ct. R. 8, RPC 3.3(a)(1); *see* LR 83.4(g).  Likewise, Federal Rule of Civil Procedure 11 declares that attorneys who submit pleadings to a court are certifying that the legal claims presented are warranted by the law or are nonfrivolous arguments to extend or change the law. Fed. R. Civ. P. 11(b)(2).  The federal rule permits a court to impose sanctions—on a motion or its own initiative—against violators.  Fed. R. Civ. P. 11(c).

Here, Attorney Berkley omitted significant, relevant portions of § 56-53-103 in pleadings signed and submitted to this Court.  Those omissions materially changed the statute in Plaintiffs' favor.  Without the omissions, the statute clearly applies only to insureds, not insurers. Accordingly, Plaintiffs and their counsel are ORDERED to show cause within fourteen days from the entry of this order why they should not be sanctioned for misleading the Court.

IT IS SO ORDERED this 17th day of October 2023.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE