IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EDWIN ANDERSON and
GENA STALLINGS,

    Plaintiffs,

v.                                            No. 1:23-cv-01046-JDB-jay

ACUITY, A MUTUAL INSURANCE
COMPANY, and ANTHONY FIRRIOLO, P.E.,

    Defendants.

ORDER IMPOSING SANCTIONS FOR MISLEADING THE COURT

Before the Court is the response of Plaintiffs, Edwin Anderson and Gena Stallings, and their counsel, Attorney Drayton Berkley (Docket Entry ("D.E.") 26), to an order to show cause entered October 17, 2023, (D.E. 25). For the following reasons, Attorney Berkley is referred to Disciplinary Counsel for the Board of Professional Responsibility of the Supreme Court of Tennessee ("BPR").

PROCEDURAL HISTORY

Plaintiffs initiated this action against Acuity, A Mutual Insurance Company ("Acuity"), and Anthony Firriolo, P.E., in Weakley County, Tennessee, Chancery Court on February 17, 2023. (D.E. 1-1.) The matter was removed to this Court on March 27, 2023. (D.E. 1.) Among other claims, Plaintiffs alleged that Acuity, acting as an insurer, and Firriolo, acting as its employee, violated the Fraudulent Insurance Act, codified at Tennessee Code Annotated § 56-53-103 (sometimes referred to herein as the "Act").[1]

---

[1] The statute is correctly entitled the "Unlawful Insurance Act." Tenn. Code Ann. § 56-53-103.

1

In an order entered September 19, 2023, the Court adopted the recommendation of the magistrate judge and dismissed Plaintiffs' claims against Defendant Firriolo without prejudice.[2] (D.E. 24.) Acuity moved on April 3, 2023, to dismiss the § 56-53-103 claim against it, contending that the Act, by its plain language, expressly applied to insureds, not insurers. (D.E. 7.) Plaintiffs responded on May 1, 2023, (D.E. 14), purporting to quote directly from the Act as follows:

> Tenn. Code Ann. § 56-53-103 provides in relevant part that:
>
> Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to ………… an insurance professional ……..in connection with an insurance transaction ……. any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>   …..
>
>   i. ……..
>
>   ii. A claim for payment or benefit pursuant to any insurance policy;
>
>   iii. Payments made in accordance with the terms of any insurance policy; or
>
> ………

(*Id.* at PageID 155-56.) However, this recitation is misleading. With the omitted portions emphasized in bold typeface, the section actually states:

> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

---

[2]The basis for the recommendation of dismissal was Plaintiffs' failure to serve Firriolo in accordance with Rule 4(c)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m) & D.E. 23.

> (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, **by or on behalf of an insured, claimant or applicant** to [an] **insurer,** insurance professional **or a premium finance company** in connection with an insurance transaction **or premium finance transaction,** any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>> **(A) The application for, rating of, or renewal of, any insurance policy;**
>>
>> (B) A claim for payment or benefit pursuant to any insurance policy;
>>
>> (C) Payments made in accordance with the terms of any insurance policy; or
>>
>> **(D) The application for the financing of any insurance premium;**

Tenn. Code Ann. § 56-53-103(a)(1) (emphasis added). In its October 17 order, this Court dismissed the § 56-53-103 claim and, acknowledging the discrepancies indicated above, ordered Plaintiffs and Attorney Berkley to show cause within fourteen days why they should not be sanctioned for misleading the Court. Attorney Berkley responded on October 31, 2023. (D.E. 26.)

Notably, following the briefing in this case on the motion to dismiss, Attorney Berkley became subject to a show cause order issued on August 10, 2023, by United States District Judge S. Thomas Anderson for allegedly misleading the Court based on the same altered quotation of the same statute. (*See Anderson Eye Care of W. Tenn. v. Auto-Owners Ins. Co.*, Case No. 1:23-cv-01092-STA-jay (W.D. Tenn.), D.E. 17).) Following a hearing, Judge Anderson found:

> In this case, Attorney Berkley, on behalf of [p]laintiff, clearly made a misrepresentation to the Court as to the language of the statute and that misrepresentation was material to the issue before the Court, *i.e.*, whether [defendant] was fraudulently joined as a defendant. Attorney Berkley made no effort to correct his alteration of the statute, even when [d]efendant brought it to his attention and labeled it as a "misrepresentation."

3

*Anderson Eye Care of W. Tenn.*, No. 1:23-cv-01092-STA-jay, 2023 WL 6612519, at *3 (W.D. Tenn. Oct. 10, 2023).  Judge Anderson held that Attorney Berkley had failed to "show[] cause for his actions in omitting certain words of the statute to support his client's position" and characterized those actions as "extremely concerning." *Id.*  He "strongly caution[ed]" Attorney Berkley against making further misrepresentations. *Id.*

Likewise, the undersigned issued an order on September 19, 2023, that put Attorney Berkley on notice that his statutory recitation was misleading. *See Olympic Steakhouse v. W. World Ins. Grp.*, Case No. 1:23-cv-02191-JDB-jay, 2023 WL 6131092, at **4-6 (W.D. Tenn. Sept. 19, 2023).  There, the Court also held that the Act applied only to insureds and directed Attorney Berkley and his client to show cause why sanctions should not be imposed for misleading the Court. *Id.*  Following counsel's response, the undersigned referred him to the BPR's Disciplinary Counsel. (*See Olympic Steakhouse v. W. World Ins. Grp.*, Case No. 1:23-cv-02191-JDB-jay (W.D. Tenn.), D.E. 33.)

STANDARD FOR IMPOSING SANCTIONS

I.  <u>Federal Rules of Civil Procedure</u>

Federal Rule of Civil Procedure 11(c) authorizes courts to impose sanctions where a party or counsel has submitted a pleading containing "claims, defenses, and other legal contentions [not] warranted by existing law or . . . a []frivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(2).  Before penalizing a litigant *sua sponte*, a court must allow the offending party to show cause why they should not be sanctioned. Fed. R. Civ. P. 11(c)(3).  A court should adapt sanctions "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).  Penalties include "nonmonetary directives" or "an order to pay a penalty into court[.]" *Id.*  The referral of

offending counsel for disciplinary action also constitutes a permissible sanction. *See, e.g.*, *King v. Whitmer*, 71 F.4th 511, 533 (6th Cir. 2023), *petition for cert. docketed* (No. 23-497) (U.S. Nov. 9, 2023).

II.     Rules of Professional Conduct

This Court has adopted "the Rules of Professional Conduct as . . . currently promulgated and amended by the Supreme Court of Tennessee" for all attorneys practicing before the Court. LR 83.4(g). If an attorney has willfully violated any Rule of Professional Conduct, the Court may impose appropriate discipline. LR 83.4(g)(1). The process for doing so is outlined in a 1980 administrative order. *See id.*; Ord. Adopting Rules of Disciplinary Enf't, No. 80-1 (W.D. Tenn. Sept. 29, 1980) (hereinafter, "AO 80-1"). Under those procedures, if a judge concludes that an attorney has engaged in misconduct, "the Judge shall refer the matter to counsel for investigation and the prosecution of a formal disciplinary proceeding . . . ." AO 80-1 at 4. Counsel for such a referral is the "Disciplinary Board of the Supreme Court of Tennessee." *Id.* at 7. Tennessee Rule of Professional Conduct 3.3(a)(1) provides that "[a] lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal . . . ." Tenn. Sup. Ct. R. 8, RPC 3.3(a)(1).

ANALYSIS

Attorney Berkley now concedes that the statute does not apply to insurers but this mea culpa is too little too late. In his response to the show cause order, counsel recites the chronology of this litigation in relation to other show cause and substantive orders issued by this Court regarding the Act advanced by him in other cases. He points out that he filed the incomplete statutory language in the instant matter on May 1, 2023, prior to Judge Anderson's August 10 show cause order. The undersigned did not hold that the Act applied only to insureds until September 19, 2023, in *Olympic Steakhouse* and did not sanction counsel for knowingly and willfully

misleading the Court in that case until October 20, 2023. Therefore, Attorney Berkley did not have the benefit of those orders when he filed the statutory recitation in this case in May.³ This argument is unpersuasive, however.

Attorney Berkley willfully failed to withdraw his misleading claims for months after learning that his statutory recitation was a misrepresentation of the law. He could have filed a pleading informing the Court of his error or voluntarily dismissing his § 56-53-103(a)(1) claim. He did neither, taking no action whatever to rectify his misrepresentation. Therefore, Attorney Berkley has not shown cause for misrepresenting the law to the Court. The undersigned also finds that Attorney Berkley's statutory recitation was knowing and willful because he knew or should have known that his claims were unwarranted by the law given the numerous orders of this Court making that clear. Accordingly, sanctions are warranted. *See* Fed. R. Civ. P. 11(c); LR 83.4(g)(1); AO 80-1.

The Court is tasked with carefully tailoring a sanction that will deter this type of conduct in the future. Fed. R. Civ. P. 11(c)(4). While other sanctions such as an order to pay a penalty or dismissal of this action may be appropriate, the undersigned finds that those would not be the best deterrent to this specific misconduct by an attorney. Moreover, given that Attorney Berkley was on notice of his misrepresentations and failed to correct them, further warning does not appear likely to remedy the misbehavior. Therefore, to ensure a thorough inquiry into his misconduct and to deter this action in the future, Attorney Berkley will be referred to the BPR's Disciplinary Counsel.

---

³Counsel also requests that any sanctions be imposed against him alone, as his clients were innocent of any wrongdoing. The Court imposes sanctions only on Attorney Berkley.

CONCLUSION

In sum, based on this Court's finding that Attorney Berkeley has willfully violated Fed. R. Civ. P. 11(b)(2) and Tennessee Rule of Professional Conduct 3.3(a)(1), he is hereby SANCTIONED in the form of a referral to the BPR's Disciplinary Counsel. The Clerk is DIRECTED to transmit a copy of this order to the BPR. Attorney Berkley shall notify this Court within fourteen days of any BPR adjudication related to this referral.

IT IS SO ORDERED this 20th day of November 2023.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE